UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:05-cr-352-T-23TBM

WILLIAM ENRIQUE GOMEZ ACEVEDO
_____/

# **ORDER**

Acevedo pursues another challenge to his conviction. A second challenge is precluded by 28 U.S.C. §§ 2244(b) and 2255(h).

Acevedo cites *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), moves for the appointment of counsel (Doc. 200), and moves for an order of dismissal. (Doc. 201) Notwithstanding Acevedo's characterization of his motion as a "Motion to Dismiss," the motion is properly controlled by 28 U.S.C. § 2255.[1]

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

---

[1] Title 28 U.S.C. § 2255 is the exclusive remedy for challenging a conviction and sentence unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Lande v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). A remedy under Section 2255 is not inadequate or ineffective merely because relief is barred by the applicable one-year limitation or because a motion under Section 2255 is successive. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Further, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

557, 558 (5th Cir. 1980) (the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The motion to dismiss is a second motion to vacate. Acevedo must convince the circuit court that he qualifies for leave to file a second or successive motion to vacate because Section 2255 requires:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Acevedo fails to represent that the circuit court has granted him the necessary authorization.

- 2 -

Even if this were Acevedo's first motion under section 2255 and even if the motion were timely, *Hurtado* is factually distinguishable from Acevedo's case. In *Hurtado* the vessel continually operated in Panamanian water, and the defendants were arrested "in various locations on the beach and in the jungle." Acevedo, on the other hand, was in international water.

The United States' "Notice of Essential Elements, Penalty, and Factual Basis" (Doc. 39) states that:

> Defendant Gomez-Acevedo was the captain of the M/V Mr. Simon[, a Colombian-flagged vessel] . . . . On August 16, 2005, the U.S. Coast Guard Cutter Venturous interdicted the M/V. Mr. Simon in international waters approximately 225 nautical miles northwest of Cartagena, Colombia. Before the Coast Guard interdiction, the M/V Mr. Simon had departed from Colombia and was met on the high seas by speed boats (commonly referred to as "go-fast" boats). The go-fast boats were transporting bales of cocaine, which were transferred on the high seas to the M/V Mr. Simon and its crew. . . . The total weight of the cocaine seized from the M/V Mr. Simon was over three (3) tons.
>
> The Government of Colombia consented to the exercise of jurisdiction by the United States with respect to the M/V. Mr. Simon and the defendants. Therefore, the defendants were on board a vessel subject to the jurisdiction of the United States. In addition, each defendant was first brought to the United States at a point in the Middle District of Florida.

Acevedo pleaded guilty (Doc. 43) to counts one and two of the indictment (Doc. 1). Count one charges conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, U.S.C. §§ 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Count two charges possession with the intent to

distribute five kilograms or more of cocaine in violation of 46 U.S.C. §§ 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Under the December 30, 2005, judgment (Doc. 85), Acevedo serves a concurrent 168-month sentence as to each count. Acevedo filed no direct appeal, and his April 3, 2007, motion under 28 U.S.C. § 2255 (Doc. 179) was dismissed on July 27, 2007, as time-barred (Doc. 181).

Acevedo was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503(a), *et. seq.*[2] The MDLEA is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain <u>three distinct grants of power</u>: [1] the power to define and punish piracies, [2] the power to define and punish felonies committed on the high seas, and [3] the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). <u>The first two grants of power are not implicated here</u>: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

---

[2] In 2006, Public Law 109-304 "complete[d] the codification of title 46, United States Code, "Shipping", as positive law by reorganizing and restating the laws currently in the appendix to title 46."

(emphasis added).  *Hurtado* rejects the argument that the "Offences Clause" (the third grant of power listed above) supports the MDLEA.  "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama."  700 F.3d at 1258. (emphasis added)

Acevedo's vessel was unquestionably in international water rather than in a country's territorial water, and the seizure occurred under the second grant of power listed above – the power to define and punish a felony committed on the high seas.  *Hurtado* is inapplicable to Acevedo.

Accordingly, the motion to dismiss (Doc. 201), construed as a motion under 28 U.S.C. § 2255, is **DISMISSED** as second or successive without permission from the circuit court, and the motion for the appointment of counsel (Doc. 200) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on March 29, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE